UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY HARLESS,

        Plaintiff,

                              Case No. 13-cv-13480
vs.                              HON. GERSHWIN A. DRAIN

DAVID DAVIS, *et al.*,

        Defendants.
_____/

**ORDER GRANTING EMERGENCY MOTION FOR IMMEDIATE RULE 26(a)(1)(I) DISCLOSURE BY DEFENDANT [#8] AND GRANTING ADDITIONAL TIME FOR SERVICE**

      On August 14, 2013, Plaintiff filed the instant 42 U.S.C. § 1983 action against former Madison Heights Police Officer David Davis and the City of Madison Heights. Plaintiff has yet to serve Defendant Davis with a summons and copy of the complaint because Plaintiff cannot locate Defendant Davis. On December 12, 2013, this Court granted Plaintiff's Motion to Extend Time for Service due to the difficulty Plaintiff has had with respect to locating and serving Defendant Davis. The Court's December 12, 2013 Order gave Plaintiff until January 13, 2014 to effectuate service. *See* Dkt. No. 5.

      Presently before the Court is Plaintiff's Emergency Motion for FRCP 26 Emergency Motion for Waiver of Pre-Discovery Conference and to Direct Immediate FRCP 26(a)(1)(A)(I) Disclosure by Defendant City, filed on December 27, 2013. Defendant City of Madison Heights filed a Response on December 30, 2013, and Plaintiff filed a Reply on December 31, 2013.

In her present motion, Plaintiff argues that she has exercised reasonable diligence since this Court entered its December 12, 2013 Order in attempting to locate Defendant Davis, however Plaintiff has been unsuccessful in locating him.  Plaintiff currently only possesses minimal information, specifically the Defendant's first and last names and former badge number.  Therefore, Plaintiff requests that the Court direct Defendant City to immediately disclose the following information prior to the parties' Rule 26 conference: (1) Full name, (2) Date of Birth, (3) Social Security Number, (4) Driver's License Number, (5) Current Employer, (6) Present Address and (7) Last Known Address.

Defendant City responds that it has not maintained a current address for Defendant Davis, nor is it certain that any information it does possess will actually assist Plaintiff in locating Defendant Davis.  The City further argues that information such as Davis's social security number and driver's license number will not necessarily assist with locating Davis, and in any event, disclosure of all the requested information would jeopardize the officer's personal safety, as well as the safety of his family.  As such, Defendant City maintains that should this Court grant Plaintiff's present motion, any information disclosed should be subject to a protective order.

The Court finds Defendant City's arguments unpersuasive.  The information sought by Plaintiff will ultimately be available through the general discovery process.  Further, the Court has reviewed the overly burdensome proposed protective order prepared by Defendant City and finds that entry of the proposed protective order is unwarranted.  Public disclosure of Defendant Davis's personal identifying information is not at risk given counsel's obligations to abide by this Court's Administrative Order 07-AO-030 and Federal Rule of Civil Procedure 5.2 concerning privacy protection for filings made in court.

Accordingly, Plaintiff's Emergency Motion for FRCP 26 Emergency Motion for Waiver of Pre-Discovery Conference and to Direct Immediate FRCP 26(a)(1)(A)(I) Disclosure by Defendant City [#8] is GRANTED.

Defendant City of Madison Heights shall disclose Defendant Davis's information <u>no later than January 22, 2014,</u> including: (1) Full name, (2) Date of Birth, (3) Social Security Number, (4) Driver's License Number, (5) Current Employer, (6) Present Address and (7) Last Known Address.

Plaintiff shall have <u>until February 28, 2014 to effectuate service on Defendant Davis</u>. Plaintiff is hereby advised that should the information disclosed prove to be insufficient to identify and locate Defendant Davis, or if Davis evades service once located, Plaintiff shall immediately file the appropriate Motion for Alternate Service.

The Court will conduct a scheduling conference after Defendant Davis has been served and filed an Answer to Plaintiff's Complaint.

SO ORDERED.

Dated: January 15, 2014 /s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE